909 F.2d 1494
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Norman R. LINDO, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 90-3207.
 United States Court of Appeals, Federal Circuit.
 July 3, 1990.
Rehearing Denied Aug. 8, 1990.
 
 Before NIES, Chief Judge, COWEN, Senior Circuit Judge, and GARRETT E. BROWN,* Jr., District Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner appeals from a decision of the Merit Systems Protection Board (MSPB or Board), No. NY07528910335, which affirmed the holding of the administrative judge, removing Mr. Lindo from his position with the United States Postal Service (Postal Service). For the following reasons we affirm-in-part, and remand-in-part for reconsideration.
 
 OPINION
 
 2
 * Petitioner was removed from his position as a distribution clerk with the New York Penn Terminal facility of the Postal Service on the basis of the following charges: (1) being disrespectful to his supervisor by the use of profane and abusive language; failure to comply with instructions; disrupting the work floor; and (2) failure to comply with the requirement in the Postal Service's standard of conduct that an employee should not be offensive or obnoxious to other persons, or create unpleasant working conditions.
 
 
 3
 Mr. Lindo appealed the decision to the MSPB, where the parties stipulated to some of the facts; others were contested and conflicting testimony was presented. Based on credibility determinations, the administrative judge found that Mr. Lindo had made the abusive statement to his supervisor and was therefore guilty of disrespect to her. However, the administrative judge found that the Postal Service did not prove that Mr. Lindo had failed to follow his supervisor's instructions to return to work. With respect to the second charge, the administrative judge found that Mr. Lindo's shouting disrupted the work floor, and therefore that his conduct was in violation of the Postal Service's standard of conduct.
 
 
 4
 We reject Mr. Lindo's challenge to the factual findings of the administrative judge, because as this court has repeatedly held, special deference must be given to credibility determinations by an administrative judge, who hears the testimony and observes the demeanor of the witness. Consequently, this court will not substitute its determinations of credibility for those made by the administrative judge. Carosella v. United States Postal Serv., 816 F.2d 638, 641 (Fed.Cir.1987); DeSarno v. Department of Commerce, 761 F.2d 657, 661 (Fed.Cir.1985). The findings of the administrative judge, that petitioner was guilty of the charges as stated, was upheld by the Board, and we affirm that portion of the MSPB decision in all respects.
 
 II
 
 5
 Before the administrative judge, Lindo argued that his past record, consisting of a letter of warning, a 7-day suspension, and a 14-day suspension, should not be considered in determining the penalty to be assessed, because of his then pending appeals from the suspensions to an arbitrator, under Article XV of the National Agreement between the Postal Service and the American Postal Worker's Union. However, the administrative judge held that an agency may rely upon past discipline which is being challenged in a pending grievance, unless the action is clearly erroneous. Finding that Mr. Lindo had not shown that the previous actions were clearly erroneous, the administrative judge relied on the three past disciplinary actions in determining that the penalty in this case was reasonable.
 
 III
 
 6
 The initial decision was issued on August 22, 1989, and the full Board denied Lindo's petition for review on February 6, 1990.
 
 
 7
 On December 4, 1989, an arbitrator found that the agency had failed to sustain the burden of proving that the 7-day suspension of March 3, 1988, was issued for good cause. Accordingly, Lindo's grievance was sustained and it was ordered that he should recover all monies lost in connection with the suspension. This decision was issued after the administrative judge's initial decision, but before the Board's order of February 6, 1990. However, there is nothing in the record of the Board's decision to indicate that it was aware of the arbitrator's decision of December 4, 1989.
 
 
 8
 During the pendency of this appeal, Mr. Lindo has, with the permission of the court, filed for the record in this case a copy of an arbitrator's decision of June 4, 1990, on the 14-day suspension of September 2, 1988. The arbitrator determined that while Mr. Lindo was guilty of the charges, the Postal Service did not have just cause to suspend him for fourteen days, based on the mitigation of the 7-day suspension, since this would not follow the established procedure of the Postal Service of imposing progressive discipline. Thus, the 14-day suspension was reduced to a 7-day suspension without pay. The Postal Service was ordered to make Mr. Lindo whole for any loss of backpay, benefits or other emoluments of employment which may have been lost by him because the suspension was for fourteen, rather than for seven days. Since the arbitrator's decision was issued long after the Board's order of February 6, 1990, the Board had no opportunity to consider it in connection with the penalty imposed against Mr. Lindo.
 
 
 9
 In the hearing before the arbitrator, the Postal Service argued that since the 7-day suspension of September 2, 1988, had not been set aside at the time the 14-day suspension was ordered, the latter penalty should be sustained. In rejecting this contention, the arbitrator stated as follows:
 
 
 10
 In an employment relations system as large and complex as the one administered by the Service and the Union, there are, of necessity, substantial lapses of time between the imposition of discipline, and the impartial review of it, to the extent that there may be intervening instances of discipline which arise before previous ones are adjudicated or resolved. Were the mere lapse of time permitted to prejudice an employee's right to the complete review of the discipline imposed upon him, then the contractual guarantee of just cause for its basis would be frustrated. I cannot accept the premise that [sic] Service and the Union, in agreeing that discipline shall be imposed for just cause, intended such a result.
 
 
 11
 We think that the quoted language is pertinent in this case, because the Board had no opportunity to consider the two decisions of the arbitrators in determining whether Mr. Lindo's removal was reasonable. Accordingly, in view of all the circumstances in this case, including the fact that Mr. Lindo has proceeded pro se, we remand it solely for the purpose of allowing the Board to reconsider whether in light of the decisions of arbitrators, the penalty of removal should be mitigated, and if so, to what extent. We express no opinion on what action the Board should take on remand.
 
 
 12
 We have concluded that the remand is necessary and proper in this case in order to avoid the problem that would arise if the court affirmed the Board's decision in its entirety and the Board subsequently desired to reopen and reconsider its decision, pursuant to 5 C.F.R. Sec. 1201.117, on the penalty assessed.
 
 
 13
 The clerk of the court will provide copies of the arbitrators' decisions to counsel for the respondent, who shall forward them to the Board for its reconsideration in accordance with this opinion.
 
 COSTS
 
 14
 Each party to bear his own costs.
 
 
 
 *
 Judge Garrett E. Brown, Jr. of the District of New Jersey, sitting by designation